# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LIORA REZNICHENKO<br>    Plaintiffs | CIVIL CASE NO: |
| v. | |
| EMINA BEHREMOVIC,<br>BEHAN MANAGEMENT, LLC and<br>QS MANAGEMENT, LLC,<br>    Defendants | TRIAL BY JURY DEMANDED<br><br>JUNE 12, 2017 |

## COMPLAINT

### I.    INTRODUCTION

1.    This is a suit brought by a consumer under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a *et seq.* against Emina Behremovic ("Behremovic"), Behan Management, LLC ("Behan") and Qs Management, LLC ("Qs") for accessing Plaintiff's credit history without a permissible use.  Plaintiff brings this action to recover statutory damages, actual damages, punitive damages, and reasonable attorney's fees and costs.

### II.    PARTIES

2.    Plaintiff Liora Reznichenko ("Plaintiff") is a natural person residing in Bloomfield, Connecticut.

3.    Defendant Behremovic is a natural person residing in Cromwell, Connecticut.

4.    Defendant Behan is a Connecticut Limited Liability Company located in Rocky Hill, Connecticut.

1

5. Defendant Qs is a Connecticut Limited Liability Company located in Rocky Hill, Connecticut.

## III.   JURISDICTION AND VENUE

6. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. This court has jurisdiction over all Defendants because they are located in this state.

8. Venue is proper because Plaintiff is a Connecticut resident and the harm alleged occurred in this state.

## IV.   FACTUAL ALLEGATIONS

9. Defendants Behan and Qs (collectively "Behan-Qs") are in the business of managing fast food restaurants in Connecticut are a single enterprise or alter egos of each other.

10. Behan-Qs share a website[1], telephone number and physical address.

11. Behan-Qs have identical or nearly identical ownership and management.

12. Defendant Behremovic is an employee of Behan-Qs and at all times relevant to this complaint acted as its agent.

13. Behan-Qs permits Behremovic access to its account with ADP Screen and Selection Services, Inc. ("ADP"), a consumer reporting agency within the meaning of the FCRA, that provides background information on individuals.

---

[1] On their shared website Behan-Qs greet visitors in a collective fashion: "Welcome! We are an independently owned and operated licensee of McDonald's Corporation. For more information on our restaurants, please click the restaurant name to go directly to their web page.  We appreciate your feedback and hope to see you in our restaurants soon."

14. Behan-Qs maintains an ADP account so that it can perform background checks on potential employees and for other legitimate business reasons.

15. Some time prior to Behremovic utilized Behan-Qs's ADP account and accessed information regarding Plaintiff.

16. Behremovic and Behan-Qs had no legitimate business purposes for accessing ADP's report on Plaintiff.

17. Behremovic has a personal and intimate relationship with Plaintiff's ex-husband, and Behremovic was aware that Plaintiff and her ex-husband were involved in post-judgment court proceedings concerning the custody and future residence of their child.

18. On information and belief, Behremovic accessed the report in order to assist Plaintiff's ex-husband in the court proceeding.

19. Plaintiff has suffered extreme emotional distress and embarrassment due to the unauthorized access of her report by Behremovic.

## V.   CAUSES OF ACTION

### a.  FAIR CREDIT REPORTING ACT VIOLATION AS TO ALL DEFENDANTS

20. Paragraph 1-19 are incorporated as if more fully set forth herein.

21. 15 U.S.C. § 1681b(f) prohibits any person from obtaining a consumer report for any purpose unless there is an authorized purpose for obtaining the report.

22. Defendants did not have an authorized purpose for requesting Plaintiff's consumer report.

23. For their willful violations of the FCRA, Defendants are liable to Plaintiff for actual damages, statutory damages attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

24. For their negligent violations of the FCRA, Defendants are liable to Plaintiff for actual damages, attorney's fees, and costs pursuant to FCRA § 1681o.

### b. NEGLIGENT SUPERVISION AS TO BEHAN AND QS

25. Paragraph 1-19 are incorporated as if more fully set forth herein.

26. Behan-Qs had a duty to supervise Defendant Behremovic.

27. Behan-Qs breached that duty when it failed to provide adequate supervision and training to ensure that Behremovic would not utilize the ADP account for impermissible purposes.

28. Plaintiff has been damaged by Behan-Qs' breach.

WHEREFORE, Plaintiff claims statutory damages, actual damages, punitive damages, and attorney's fees and costs.

PLAINTIFF, LIORA REZNICHENKO

By: /s/ *Daniel S. Blinn*
Daniel S. Blinn (ct02188)
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457
dblinn@consumerlawgroup.com